IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Petitioner,**

    v.                                                CASE NO. 23-3224-JWL

**LARNED STATE HOSPITAL, et al.,**

    **Respondents.**

## MEMORANDUM AND ORDER

Petitioner Christopher Gilmore, who is currently incarcerated at Larned State Hospital in Larned, Kansas, filed this pro se action seeking a writ of habeas corpus. (Doc. 1.) Because Petitioner did not use the required court-approved forms to submit his petition and his motion to proceed without fees, the Court issued a notice directing Petitioner to resubmit his petition and his motion upon the forms on or before November 3, 2023. (Doc. 2.) Petitioner has also filed a "Motion for Emergency Injunctive Relief/Order" (Doc. 3), which the Court will now address.

In the motion, Petitioner notes that he has been transferred to Larned State Hospital from the Sedgwick County Jail (SCJ) and he asks the Court to enjoin the Sedgwick County Sheriff's Department from shipping or destroying his personal property and legal papers that are currently stored at the SCJ. (Doc. 3, at 1.) Petitioner alleges that he was transferred to Larned on September 19, 2023, and was told that his property would be thrown away if someone did not pick it up within 30 days. *Id*. Petitioner alleges that other detainees are allowed to store their property at the SCJ until they return. *Id*. at 2. He argues that he will be back at the SCJ in approximately 90 days— after his commitment at Larned concludes. *Id*. Petitioner argues that his legal documents pertain to his state and federal cases. *Id*. Petitioner asks the Court to order the Sedgwick County Sheriff's Department to store his property until he returns to the SCJ. *Id*. at 3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Petitioner's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. He has not indicated why he is unable to find someone to pick up his property within the 30-day deadline. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take

affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). To the extent the Court can liberally construe Petitioner's claims from the petition filed in this habeas action, those claims appear unrelated to the injunctive relief sought.

The relief Petitioner seeks has no relationship to the claims in his Petition. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Petitioner has failed to allege that an adequate post-deprivation remedy is unavailable.

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. The motion is denied.
.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Emergency Injunctive Relief/Order (Doc. 3) is **denied.**


**IT IS SO ORDERED**.

**Dated October 10, 2023, in Kansas City, Kansas.**

S/   John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
