IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILMORE,

                    **Petitioner,**

      v.                                                           CASE NO. 23-3224-JWL

LARNED STATE HOSPITAL, et al.,

                    **Respondents.**

## **MEMORANDUM AND ORDER**

Petitioner Christopher Gilmore began this matter by filing a document titled "Petition for Writ of Habeas Corpus." (Doc. 1.) Because the petition was not on the required court-approved form, the Court provided Petitioner with the forms and granted him until November 3, 2023 to resubmit the petition upon the forms. (Doc. 4.) In the same order, the Court informed Petitioner that he was required to resubmit his motion to proceed without fees upon the provided court-approved form, also on or before November 3, 2023. *Id.*

Petitioner then filed a "Motion for Leave of Court to Amend/Convert Motion for Time Extension due to Situational Problems," in which he sought an additional 30 to 60 days in which to either submit a petition containing his amended claims or file a complaint and convert this matter into a civil rights action under 42 U.S.C. § 1983. (Doc. 6.) On November 7, 2023, the Court granted the motion, granting Petitioner to and including January 5, 2024, in which to either (1) file an amended petition and either pay the $5.00 habeas filing fee or submit a complete motion to proceed without doing so, or (2) file a civil rights complaint and either pay the $402.00 filing fee or submit a complete motion to proceed without doing so. (Doc. 7.) The Court advised Petitioner that if he fails to comply with these requirements, this matter may be dismissed without further prior notice

1

to him. *Id.*

This matter comes now before the Court on Petitioner's most recent motion, in which he seeks a 30-day extension of the January 5, 2024 deadline. (Doc. 8.) Petitioner explains that he plans to convert this matter to one brought under 42 U.S.C. § 1983 and a recent transfer back to Sedgwick County Jail resulted in the loss of all of his legal papers, legal money, and other property. *Id.* at 1-2. He also advises the Court that he anticipates being released from incarceration soon and he wishes to file his § 1983 "complaint in this case after [he is] released, to prevent the 28 U.S.C. § 1915 PLRA screening procedures." *Id.* at 9. Petitioner also seeks sanctions against the Sedgwick County Jail and/or the Sedgwick County Sheriff's Department for alleged due process violations and the alleged violation of a state-court issued order. *Id.* at 10.

The motion will be denied. The deadline in question is more than 5 weeks away, which is ample time for Petitioner to meet the requirements set forth in the Court's prior order. The Court will direct the Clerk to send the relevant forms to Petitioner since he has not yet received them. If Petitioner prefers to voluntarily dismiss this matter and file his civil rights action at a later date[1], he may do so. As it stands, this matter is a federal habeas action, which is not a proper vehicle for Petitioner's claims that the Sedgwick County Sheriff's Department violated Petitioner's constitutional rights. *See West v. Atkins,* 487 U.S. 42, 48-49 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Thus, the request for sanctions on those grounds will be denied. Finally, the violation of a state-court order and any sanctions that may be warranted for the violation are matters for the state court to address, not this federal court.

---

[1] Because the Court does not know the basis for any claims Petitioner might bring in a future civil rights action, Petitioner is advised that such claims must comply with relevant statutes of limitations and other procedural requirements.

**IT IS THEREFORE ORDERED** that the motion for extension of time and for sanctions (Doc. 8) is **denied.** The Clerk is directed to send Petitioner the court-approved forms for a petition seeking relief under 28 U.S.C. § 2254, a motion to proceed in a habeas action in forma pauperis, a complaint seeking relief under 42 U.S.C. § 1983, and a motion to proceed in a civil rights action without prepayment of the filing fee.

**IT IS SO ORDERED.**

DATED:   This 27th day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
