IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

                          **Petitioner,**

        v.                                                              CASE NO. 23-3224-JWL

**LARNED STATE HOSPITAL, et al.,**

                          **Respondents.**

## **MEMORANDUM AND ORDER**

Petitioner Christopher Gilmore began this matter by filing a document titled "Petition for Writ of Habeas Corpus." (Doc. 1.) Because the petition was not on the required court-approved form, the Court provided the form to Petitioner and granted him until November 3, 2023 to resubmit the petition. (Doc. 4.) In the same order, the Court informed Petitioner that he was required to resubmit his motion to proceed without fees upon the provided court-approved form, also on or before November 3, 2023. *Id.*

Petitioner then filed a "Motion for Leave of Court to Amend/Convert Motion for Time Extension due to Situational Problems." (Doc. 6.) The Court granted the motion, allowing Petitioner to and including January 5, 2024, in which to either (1) file an amended petition and either pay the $5.00 habeas filing fee or submit a complete motion to proceed without doing so, or (2) file a civil rights complaint and either pay the $402.00 filing fee or submit a complete motion to proceed without doing so. (Doc. 7.) The Court advised Petitioner that if he failed to comply with these requirements, this matter might be dismissed without further prior notice to him. *Id.*

On November 22, 2023, Petitioner filed a motion seeking a 30-day extension of the January 5, 2024 deadline and seeking sanctions against the Sedgwick County Jail and/or the Sedgwick County Sheriff's Office. (Doc. 8.) In an order issued on November 27, 2023, the Court denied the motion. (Doc.

1

Case 5:23-cv-03224-JWL   Document 12   Filed 01/23/24   Page 2 of 2

10.) Thus, the January 5, 2024 deadline remained in effect, but the Court has received nothing further from Petitioner.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to comply with the Court's orders to file a pleading on the required form and to either pay the filing fee or file a proper motion to proceed without doing so, the Court will dismiss this matter without prejudice under Rule 41(b). Accordingly, the pending motion to proceed in forma pauperis (Doc. 2) will be denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b). The motion to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 23rd day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2